# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 9146 | **DATE** | 2/23/2004 |
| **CASE TITLE** | Laborers Pension Fund vs. Spectrum Stone | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held and continued to 08/16/04 at 9:00 a.m. For the reasons stated on the attached memorandum opinion, the Court hereby grants in part and denies in part defendant Fordham 65 E Goethe, LLC's motion to dismiss Counts III and IV. Based on the foregoing analysis, Defendant Fordham 65 E Goethe, LLC's motion to dismiss Count III is granted and the motion to dismiss Count IV is denied. All discovery is to be noticed in time to be completed by 05/24/04. Dispositive motions with supporting memoranda are to be filed by 06/24/04. Responses to the dispositive motions, is any, are to be filed by 07/08/04. Replies, if any, are to be filed by 07/15/04. Enter Memorandum Opinion.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | FEB 24 2004 date docketed | |
| ✓ | Docketing to mail notices. Memorandum Opinion distributed in open Court. | U.S. DISTRICT COURT CLERK | | 49 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | '04 FEB 23 PM 6:16 | | |
| MW | courtroom deputy's initials | FILED-CO-10 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

LABORERS' PENSION FUND and )
LABORERS' WELFARE FUND OF THE )
HEALTH AND WELFARE DEPARTMENT )
OF THE CONSTRUCTION AND GENERAL )
LABORERS' DISTRICT COUNCIL OF )
CHICAGO AND VICINITY, JAMES S. )
JORGENSEN, Administrator of the Funds, )
                                  )
          Plaintiffs, )
                                  )
v.                                 )     No. 02 C 9146
                                  )
SPECTRUM STONE, INC., SPECTRUM )
STONE GROUP, INC., and TERESA FISTER, )
individually and doing business as Spectrum )
Stone, Inc., )
                                  )
          Defendants. )

DOCKETED
FEB 2 4 2004

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Fordham 65 E Goethe, LLC's ("Fordham") motion to dismiss Counts III and IV of Plaintiffs' first amended complaint. For the reasons stated below we deny the motion in part and grant the motion in part.

## BACKGROUND

Plaintiffs are multi-employer benefits funds ("Funds"). Fordham is a real estate development company. In January of 2000 Fordham entered into an agreement with a general contractor for the construction of condominiums. The general contractor entered into a subcontract with Defendants Spectrum Stone, Inc. and Spectrum Stone Group, Inc. (collectively

49

referred to as "Spectrum Stone") to install the masonry at the project. Defendant Teresa Fister ("Fister") is the owner of Spectrum Stone. Plaintiffs contend pursuant to a collective bargaining agreement ("CBA") Defendants Spectrum Stone and Fister are obligated to make contributions to the Funds. Plaintiffs brought this action alleging in Count I that Spectrum Stone and Fister failed to report contributions owed to the Funds, failed to pay all contributions owed to the Funds, and failed to maintain a surety bond to guarantee the payment of wages, and pension and welfare contributions. Plaintiffs also allege in Count II that Spectrum Stone and Fister failed to honor their obligations under the collective bargaining agreement to pay unpaid union dues. Plaintiffs allege that Spectrum Stone was not able to meet its CBA obligations because of financial difficulties and that work stopped on the condominium project. In a letter dated August 9, 2002 ("Letter") from Fordham to the union, Fordham agreed to guarantee all of Spectrum Stone's obligations to pay wages and benefits contributions to the Fund. Plaintiffs contend that the Letter also confirmed that the union would relinquish its right to picket and to conduct work stoppages which enabled the Spectrum Stone employees to restart working on the condominium project. Plaintiffs bring Count III pursuant to Section 301(a) of the Labor Management Relations Act ("LMRA"). Plaintiffs allege in Count III that Fordham failed to pay contributions owed to the Funds for pension benefits, health and welfare benefits, fund training, and union dues. Plaintiffs bring a similar claim in Count IV pursuant to Section 502(e)(1) and (2) of the Employment Retirement Income Security Act of 1974 ("ERISA").

## LEGAL STANDARD

A party may move to dismiss claims over which a district court lacks subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). In deciding whether to grant a

12(b)(1) motion for lack of subject matter jurisdiction a court "must accept the complaint's well-pleaded factual allegations as true and draw all reasonable inferences from those allegations in the plaintiff's favor." *United Transp. Union v. Gateway Western Ry. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996).

## DISCUSSION

Fordham argues that this court does not have jurisdiction to entertain Count III of the first amended complaint brought pursuant to Section 301(a) of the LMRA or Count IV brought pursuant to Section 502(e)(1) and (2) of ERISA. Fordham claims that because it was not a party to the CBA it cannot be held liable under the LMRA or ERISA.

### I. Whether this Court has Jurisdiction under the LMRA

Fordham contends that the Letter is insufficient to render it liable under the LMRA. Section 301(a) of the LMRA provides that:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in the chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). Fordham contends that because Section 301(a) refers to contracts "between an employer and a labor organization" that non-parties to a CBA cannot be sued under Section 301(a). Plaintiffs argues that Fordham sent the Letter to the union and thus "should be treated in this case as a party to the collective bargaining agreement . . . ." Plaintiffs also contend that in *Chicago Area Vending Employers Ass'n v. Custom Coffee Serv.*, 1984 WL 21995, at *9 (7th Cir.

1984), the Seventh Circuit held that non-parties to a CBA can be sued under Section 301(a) where the dispute is "directly related to a provision in the collection [sic] bargaining agreement." First of all, the court in *Chicago Area Vending Employers Ass'n* did not expressly hold that a non-party could be sued under Section 301(a) if the dispute is "directly related" to the collective bargaining agreement. The quoted passage is part of the court's analysis to the facts before it. The court found that although the alleged non-party was "technically not a signatory to the [collective bargaining] agreement" it is "arguably part of it." *Id.* The court then noted that "[i]n addition this dispute is directly related to a provision in the collective bargaining agreement." *Id.*

In *Chicago Area Vending Employers Ass'n* a multi-employer bargaining unit ("Association") represented several employers in their relations with unions. *Id.* at *1. The defendant employer in the case decided to make a side agreement directly with a union. *Id.* The side agreement with the union violated an agreement between the Association and the defendant employer and also violated the collective bargaining agreement. *Id.* at *9. The Association sued the defendant employer. *Id.* at 1.

*Chicago Area Vending Employers Ass'n* is distinguishable from the instant case because in *Chicago Area Vending Employers Ass'n* the court found that the "Association, [the defendant employer,] and the Union were all parties to the collective bargaining agreement." *Id.* at *8. In the instant case Fordham was not a party to the CBA. In *Chicago Area Vending Employers Ass'n* the employer was specifically mentioned along with the association and other represented employers in the definition of "Employer" in the collective bargaining agreement. *Id.* at *8 n.4, *9. There is no mention of Fordham in the CBA in the instant case.

In *Chicago Area Vending Employers Ass'n* the association signed the collective bargaining agreement on behalf of the defendant employer and acted as the agent of the

defendant employer. *Id.* at *1. The relationships are completely different in the instant suit. Spectrum Stone was not acting as a mere agent for Fordham in its dealings with the union. Spectrum Stone dealt with the union in accordance with its own interests as was Fordham and Fordham was not expressly or even figuratively dealing with the union under the CBA. In *Chicago Area Vending Employers Ass'n* the association represented the defendant employer, but the true relationship at issue was the one between the union and the defendant employer. In the instant case there is no such nexus between the union and Fordham. Fordham was the developer and merely wanted the condominium project to move forward. It was not concerned or involved with the myriad of other issues dealt with in the CBA that pertained to Spectrum's employees.

Plaintiffs make much of the fact that Fordham sent the Letter to the union and offered the payment guarantee in order to get the work started again on the condominium project and to get the union to agree not to picket. However, the no-picket concession sought by Fordham does not indicate that Spectrum and Fordham were engaged in any sort of principal/agent relationship or that their interests were joined. Fordham was simply looking out for its interests in getting the project going. The Letter contained the guarantee promise, but the agreement not to picket by the union is properly characterized as a separate agreement beyond the CBA between the union and Fordham. Fordham was not directly seeking to mediate any sort of change of the CBA between Spectrum and the union. Finally, the true relationship at issue in forming the CBA was between the union and Spectrum. Fordham's limited interest in keeping the project moving, and its single Letter agreeing to pay Spectrum contributions is not sufficient to deem Fordham as a party to the collective bargaining agreement as Plaintiffs seek.

The instant case is also distinguishable from *Chicago Area Vending Employers Ass'n* because in that case the defendant employer engaged in conduct that was a violation of the

provisions of the collective bargaining agreement. In *Chicago Area Vending Employers Ass'n* a covenant in the collective bargaining agreement prohibited the represented employers from entering into a side agreement with the union. *Id.* Thus, the court reasonably found that the disputed conduct was closely related to the collective bargaining agreement despite the fact that the agreement between the defendant employer and the Association prohibiting side deals came into play. However, in the instant case Fordham merely guaranteed to make payments for Spectrum Stone. There is no clause in the CBA in the instant case that required guarantors of Spectrum Stone to make payments. Although, Fordham apparently did not honor its promise to the union as expressed in the Letter, Fordham did not violate the CBA and the current dispute cannot be deemed "directly related" to a provision of the CBA as Plaintiffs contend. We acknowledge that justice demands that Fordham honor its obligations if Plaintiffs can show that the Letter created binding contractual obligations, but the LMRA is not the proper mechanism for Plaintiffs to use in obtaining relief. Therefore, we grant Fordham's motion to dismiss Count III.

## II. Whether this Court has Jurisdiction under ERISA

Fordham argues that this court does not have jurisdiction under ERISA for Count IV. Section 502(e) of ERISA states:

> **(1)** Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, fiduciary, or any person referred to in section 1021(f)(1) of this title. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under paragraphs (1)(B) and (7) of subsection (a) of this section.
>
> **(2)** Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

29 U.S.C. § 1132(e)(1) and (2). Plaintiffs allege that Fordham's failure to make timely contributions violates Section 515 of ERISA which provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145. Fordham argues that we should dismiss the ERISA claim in Count IV for the same reasons that Count III should be dismissed. Fordham argues that the Letter is not sufficient to render itself a party to the CBA. Fordham points to the language of Section 515 or ERISA that states that an employer is required to make "contributions to a multiemployer plan under the *terms of the plan or under the terms of a collectively bargained agreement . . . .*" (emphasis added). We do not agree that we should dismiss Count IV for the same reasons that we dismissed Count III. The counts are based upon entirely different statutes which serve different purposes and contain different language.

Plaintiffs point out that in Section 3(5) of ERISA the term "Employer" is defined as "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan; and includes a group or association of employers acting for an employer in such capacity." 29 U.S.C. § 1002(5). We think that the language in Section 3(5) indicates that Congress intended ERISA to cover a guarantor such as Fordham. Although Fordham was acting in its own best interests by sending the Letter to the union, Fordham certainly was also acting indirectly in the interest of Spectrum and the agreement in the Letter can properly be deemed to be related to the CBA. This is not inconsistent with our prior finding in regards to the LMRA which, according to case law and the statutory language, requires a closer nexus between Fordham, the union and the CBA. Therefore, we deny Fordham's motion to dismiss Count IV.

## CONCLUSION

Based on the foregoing analysis we grant Fordham's motion to dismiss Count III and deny the motion to dismiss Count IV.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: February 23, 2004